IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIERRE QUARAN HAMILTON,

                              **Petitioner,**

       v.                                                                              CASE NO. 24-3088-JWL

NICHOLAS CAMPBELL[1],

                              **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner Pierre Quaran Hamilton, who is proceeding pro se, is a pretrial detainee being held at the Rice County Jail facing state criminal charges.

This matter is governed by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[2] and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1

---

[1] Petitioner has named the Nicholas Campbell as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Daniel Soptic, the current Sheriff of Wyandotte County, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

F.4th 792, 798 (10th Cir. 2021) (citation omitted). The undersigned has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, to the Honorable John W. Lungstrum, why this action should not be dismissed without prejudice for the reasons stated below.

In his petition, Petitioner asserts four grounds for relief, all of which allege constitutional violations in the context of or related to his ongoing state court criminal prosecution. (Doc. 1, p. 6-7.) . As relief, Petitioner asks the Court to review the legality of the charges against him, order those charges dismissed with prejudice, order his immediate release, and award him $35,000,000.00 in damages. *Id.* at 7.

Petitioner's request for money damages is subject to dismissal because money damages are not available as relief in a federal habeas corpus action. Only after a prisoner succeeds in obtaining habeas corpus relief because of a violation of his constitutional rights may he bring a civil action for damages against the person or persons whose misconduct led to the illegal confinement, assuming that person does not have immunity. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Petitioner must show cause why his request for money damages should not be dismissed.

Regarding Petitioner's request for release and dismissal of the charges against him, a habeas petition under 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). Nevertheless, requests for pretrial federal habeas corpus relief are not favored. *Jones v. Perkins*, 245 U.S. 391-92 (1918). "[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional.

In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act that was required by federal law or federal court order, when the individual is a citizen

of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *See Ex Parte Royall*, 117 U.S. 241, 251-52 (1886). Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

Even liberally construed, the petition in this case does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention in a state criminal prosecution. Petitioner does not allege that the act for which the State of Kansas is charging him was done under the authority of a federal law or foreign government, nor does this case involve foreign relations or present any indication that the State of Kansas should not be allowed to resolve Petitioner's constitutional claims.

Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in the District Court of Wyandotte County, Kansas. The criminal case against Petitioner is ongoing. The State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007). And the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993). Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings against Petitioner in Rice County.

Petitioner is therefore directed to show cause, in writing, to the Honorable John W. Lungstrum, on or before July 12, 2024, why this matter should not be dismissed in its entirety because money damages are not available in a habeas action and because *Ex Parte Royall* and *Younger* require the Court to abstain from hearing this matter. The failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Daniel Soptic, Sheriff of Wyandotte County, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is directed to show cause, in writing, to the Honorable John W. Lungstrum, on or before July 12, 2024, why this matter should not be dismissed without prejudice for the reasons set forth above..

**IT IS SO ORDERED.**

DATED: This 11th day of June, 2024, at Kansas City, Kansas.

S/ James P. O'Hara
JAMES P. O'HARA
United States Magistrate Judge