IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PIERRE QUARAN HAMILTON,**

                **Petitioner,**

     v.                                                     CASE NO. 24-3088-JWL

**DANIEL SOPTIC,**

                **Respondent.**

## MEMORANDUM AND ORDER

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Pierre Quaran Hamilton, a pretrial detainee being held at the Wyandotte County Detention Center facing state criminal charges. On June 11, 2024, the Court issued a memorandum and order to show cause (MOSC) advising Petitioner that it had conducted the required screening of the petition and concluded that this matter is subject to dismissal in its entirety under the well-established doctrines that generally require federal courts to abstain from exercising their habeas corpus power to discharge a person in pretrial state custody on a state crime. (Doc. 3, p. 2-4.) The MOSC directed Petitioner to show good cause, in writing, on or before July 12, 2024, why this matter should not be summarily dismissed without prejudice based on the abstention doctrines. *Id.* at 4. The MOSC cautioned Petitioner that "[t]he failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner." *Id.* at 4. The deadline set forth in the MOSC has passed and Petitioner has not responded. Thus, the Court concludes that this matter should be dismissed under the abstention doctrines discussed in the MOSC.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held

1

that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without** prejudice for the reasons set forth in the previous memorandum and order to show cause. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 30th day of July, 2024, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge